OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
HUGO L. BLACK UNITED STATES COURTHOUSE
1729 5TH AVENUE NORTH
BIRMINGHAM, ALABAMA 35203-2037

OFFICIAL BUSINESS

ADDRESS SERVICE REQUESTED

SECURITY
FEB 09 2026
U.S. DISTRICT
NORTHERN

BIRMINGHAM AL 350
JAN 2026
FIRST-CLASS

RETURN TO SENDER
NOT AT THIS ADDRESS

US POSTAGE (IM) PITNEY BOWES
ZIP 35203
02 7H
0006221776    $ 001.03⁰
JAN 06 2026

2026 FEB -9 P 1:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

Lento Law Group
1814 East Route 70
Suite 321
Cherry Hill, NJ 08003

NIXIE            171    FE 1         0002/04/26
              RETURN TO SENDER
          NOT DELIVERABLE AS ADDRESSED
                UNABLE TO FORWARD
BC: 35203203799      *1924-00322-06-41

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| **FRANCES CALHOUN,** | } |
| Plaintiff, | } } } |
| v. | } Case No.: 6:24-cv-01606-RDP |
| **CRACKER BARREL OLD COUNTRY STORE NO. 712 et al.,** | } } } } |
| Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Plaintiff's Motion for Reconsideration. (Doc. # 21). The Motion has been fully briefed. (Doc. # 21, 22, 23). For the reasons discussed below, the Motion is due to be denied.

**I.    Background**

This case was filed on July 2, 2024 by the Lento Law Group ("LLG") on behalf of Plaintiff Frances Calhoun in the Circuit Court of Walker County, Alabama. (Doc. # 1-1). On November 11, 2024, Defendants Cracker Barrel Old Country Store, Inc. and Cracker Barrel Old Country Store No. 712 removed the case to this court. (Doc. # 1). At some point after removal, but before the filing of the parties' Rule 26(f) report on January 13, 2025, Attorney John T. Fisher, Jr., (who then worked at LLG), began representing Plaintiff. (Doc. # 5). After a scheduling conference with the court, the case proceeded to discovery. (Doc. # 11).

On or around May 2, 2025, counsel for Defendants informally contacted the court requesting a telephone conference to discuss a discovery dispute that had arisen between the parties. The court set the case for a telephone conference on May 6, 2025. (Doc. # 13). However, counsel for Plaintiff failed to appear for the telephone conference. (Doc. # 14 ¶¶ 1-2). That caused the court to contact counsel directly. (*Id.*). Once the court reached Attorney Fisher by phone, he

informed the court that he had been terminated by his former firm, LLG, and LLG insisted on continuing to represent Plaintiff in this matter. (*Id.* ¶ 4).

Attorney Fisher stated that following his termination, he was told by LLG that "the Clients and contracts all belonged to LLG, [and] that LLG was responsible for contacting all clients and informing them of LLG's decision to terminate the contract." (*Id.* ¶ 15). LLG also cut off Attorney Fisher's email, so he never received any communications about this case – whether from the court or opposing counsel. Since his discharge from LLG, Attorney Fisher had not spoken to Plaintiff (again, he was advised that he is not permitted "to reach out to or otherwise interfere with the Attorney/Client Relationship, and the contractual business relationship between LLG and its clients"). (*Id.* ¶ 22).

On May 13, 2025, Attorney Fisher filed a motion to withdraw from representing Plaintiff. (Doc. # 14). In its May 19, 2025 Order granting the motion, the court required Attorney Fisher to forward a copy of the Order to Plaintiff and LLG, and file a notice of compliance with the court. (Doc. # 15). The court's Order also stayed the case for sixty (60) days "to enable Plaintiff to seek alternative counsel" at LLG or otherwise. (*Id.*). Further, LLG was ordered to show cause "**on or before May 30, 2025** as to why they have not violated any professional duties of responsibility towards Plaintiff." (*Id.* (emphasis in original)). Attorney Fisher complied with the court's Order and certified that he notified Plaintiff via mail and LLG via both mail and email. (Docs. # 16, 17). To date, LLG has not complied with the court's May 19, 2025 Show Cause Order.

Because Plaintiff never provided the court her address, it sent that order to LLG. (Doc. # 18). The court cannot say whether LLG gave notice to Plaintiff about the extension. It can say that neither LLG nor Plaintiff made any appearance. On August 22, 2025, the court entered an Order requiring Plaintiff to show cause "**on or before September 22, 2025** why she has not appeared in this case and why this case should not be dismissed without prejudice." (Doc. # 18 (emphasis in

2

original)). The court advised Plaintiff, in bold, that "**failure to comply with this order will result in this action being dismissed for failure to prosecute**." (*Id.* (emphasis in original)). Again, as neither Plaintiff, Fisher, or LLG ever provided the court with Plaintiff's address, the Clerk of Court mailed copies of the show cause order to LLG's Arizona and New Jersey addresses. (*Id.*). After receiving no response from Plaintiff or LLG, the court dismissed this case without prejudice for want of prosecution. (Doc. # 19).

On October 31, 2025, Attorney Myesha Harrell of LLG appeared on Plaintiff's behalf and filed the instant Motion to Reconsider. (Doc. # 21).

## II.  Standard of Review

In support of her motion, Plaintiff relies on Federal Rule of Civil Procedure 6(b)(1)(B). (*Id.* at ¶ 7). Rule 6(b)(1)(B) allows a court to extend time to act "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). However, a motion under Rule 6(b)(1)(B) is certainly improper when filed 155 days after the court's May 30, 2025 show cause deadline. Further, this case was dismissed without prejudice and closed on September 24, 2025, and Rule 6(b)(1)(B) does not give the court the authority to set aside a dismissal. Accordingly, the court considers Plaintiff's motion under Rule 60(b)(1).

Rule 60(b)(1) provides that the court has discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "To determine whether a movant's neglect is excusable, a court is required to engage in an equitable inquiry into 'the particular circumstances of the case.'" *Oquendo v. United States*, 541 F. App'x 954, 956 (11th Cir. 2013) (quoting *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1355 (11th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993))). This requires consideration of "(1) 'the danger of prejudice to the [opposing party],' (2) 'the length of the delay

3

and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'" *Oquendo*, 541 F. App'x at 956 (first quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d at 848, 850 (11th Cir. 1996), then quoting *Pioneer Inv. Servs.*, 507 U.S. at 395).

### III. Discussion

"District courts have inherent power to manage their dockets." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). The Federal Rules of Civil Procedure "expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982); *see* Fed. R. Civ. P. 41(b-c). Additionally, a district court has "inherent . . . authority to enforce its orders and ensure prompt disposition of legal actions." *State Exchange*, 693 F.2d at 1352. A "district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009).

In support of her motion for reconsideration, Plaintiff argues that dismissal under Rule 41(b) "is a severe sanction reserved for cases of willful delay or contumacious conduct." However, the willful delay/contumacious conduct standard is applied where a case was dismissed *with* prejudice. *Betty K. Agencies, Ltd.*, 432 F.3d at 1337. "The standard of review for dismissal *without* prejudice is less stringent than that for dismissal *with* prejudice 'because the plaintiff would be able to file [the] suit again.'" *Brown*, 762 F. App'x 982, 985 (emphasis added) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976)). And, the Eleventh Circuit has "affirmed dismissal of an action without prejudice for failure to comply with a court order even when the case 'does not involve a series of violation of court rules or pretrial orders.'" *Id.* (citing *Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (per curiam) (affirming

4

dismissal for failure to comply with one court order in a two-year period, because "the case was dismissed without prejudice, [so] we cannot say that the district court abused its discretion")).

An analysis of the excusable neglect factors explained by the Eleventh Circuit in *Oquendo* clearly demonstrates that this case is not due to be reopened. *Oquendo*, 541 F. App'x at 956. First, reopening this case would prejudice Defendants who adhered to all deadlines while Plaintiff's counsel repeatedly ignored the court's orders. Defendants have also expended resources responding to filings made only because of LLG's noncompliance.

Second, the delays were substantial. The court previously ordered LLG to show cause why they have not violated any professional duties of responsibility towards Plaintiff (Doc. # 15), but LLG never responded to the court's order. No other LLG attorney appeared on Plaintiff's behalf –until October 31, 2025, well after both the court's May 30, 2025 deadline for LLG to show cause and the end of the 60-day stay on July 19, 2025. Even accounting for Plaintiff's recent cancer diagnosis and age-related health concerns (Doc. # 23 at 4), the court provided Plaintiff an additional 34 days to appear or file as directed. It is not clear she ever received a copy of this order. But it was sent to her counsel (LLG) who either failed to give it to her or forward it to her and she failed to respond. In any event, when LLG still failed to respond and no attorney appeared for Plaintiff, the court ordered Plaintiff to show cause, *pro se*, why the case should not be dismissed (Doc. #18). No response from LLG or Plaintiff was ever filed.

Third, the delays were entirely within LLG's control. LLG terminated Attorney Fisher, instructed him not to contact Plaintiff, and cut off his email access. LLG then ignored all court directives, including the May 19 show cause order and subsequent orders sent by the Clerk to multiple LLG addresses. The motion to reopen does not address this conduct and instead relies on administrative issues arising months later regarding counsel's admission. (*See* Docs. # 21, 23). By

5

all accounts, LLG was representing Plaintiff earlier this year and, to be sure, is representing her now. The delays in this matter were the direct result of LLG's failures in representing Plaintiff.

Finally, nothing in the record demonstrates good faith on LLG's part. LLG ignored multiple show cause orders, failed to appear for months, and offers no explanation for their inaction. Separately, the court recognizes that Plaintiff's recent cancer diagnosis, coupled with age-related health concerns, has prevented Plaintiff from undergoing the surgery planned to treat the injuries at issue in this case and also interfered with Plaintiff's ability to litigate. (Doc. # 23 at 4). Even so, after the 60-day stay, the court provided Plaintiff through LLG an additional 34 days to appear on her own behalf or make any required filings. And, when LLG still had not responded and no other attorney appeared for Plaintiff, the court ordered Plaintiff, and again through LLG, to show cause why this case should not be dismissed without prejudice. (Doc. # 18). Neither LLG nor Plaintiff responded to the court's order. Accordingly, because the court "need not tolerate defiance of reasonable orders," this case was dismissed without prejudice and closed. *Equity Lifestyle Prop., Inc.*, 556 F.3d at 1241. Further, because the *Oquendo* factors do not demonstrate excusable neglect, the court declines to set aside the dismissal under Rule 60(b)(1).

To the extent that Plaintiff's motion is based on the catch-all provision of Rule 60(b)(6), the Eleventh Circuit has observed "that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984); *see also Tucker v. Commonwealth Land Title Ins. Co.*, 800 F.2d 1054, 1056 (11th Cir. 1986). In addition, the Eleventh Circuit has "consistently has held that 60(b)(1) and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade and Shutter Corp. v. Bio– Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986). Because Plaintiff's excusable neglect argument fits more naturally under Rule 60(b)(1), relief under (b)(6) is unavailable.

6

The court acknowledges that the dismissal of this action may appear to penalize a client relying on counsel for the failures of that counsel. But, that notion ignores two things. First, Plaintiff has some responsibility for her case. Second, granting Plaintiff's motion would risk rewarding the same disregard for the court's directives that led to dismissal under Rule 41(b). Moreover, Plaintiff's motion does not address LLG's role in the events that led to dismissal and offers no explanation for LLG's failure to comply with the court's May 19, 2025 show cause order or any subsequent orders. Instead, the motion focuses on alleged administrative issues related to counsel's admission that arose only after all deadlines in this matter had already expired. (*See* Docs. # 21, 23). Those arguments do not excuse LLG's noncompliance, nor do they provide a basis to set aside a dismissal entered under Rule 41(b).

The court finds it ironic that LLG's motion on behalf of Plaintiff relies on the excusable neglect standard when nothing about LLG's actions is excusable or even remotely demonstrates mere neglect. LLG's conduct reflects a willful disregard of both its client's interests and the authority of this court. Such conduct constitutes a serious breach of professional duty that undermines the integrity of the judicial process. The court cannot condone such obvious dereliction, and the motion offers no justification capable of excusing or mitigating these violations.

To the extent Plaintiff suffered harm from LLG's handling of the representation, her recourse lies not in setting aside this dismissal, but in pursuing any appropriate malpractice or related claims against LLG in a separate proceeding.

### IV. Conclusion

For all the above reasons, the court affirms its dismissal of this case without prejudice and **DENIES** Plaintiff's Motion to Reconsider.

7

The Clerk of Court is **DIRECTED** to mail a copy of this Order to LLG who **SHALL** provide a copy of the order to Plaintiff. The Clerk of Court is also **DIRECTED** to forward a copy of this Order to the Lento Law Group at 1814 East Route 70, Suite 321, Cherry Hill, New Jersey, 08003 and Lento Law Group, 3003 N. Central Avenue, Suite 685, Phoenix, Arizona, 85012, and both the State Bar of Arizona and New Jersey Bar Association with reference to the Lento Law Group.

**DONE** and **ORDERED** this January 5, 2026.

_____
**R. DAVID PROCTOR**
SR. U.S. DISTRICT JUDGE